The cause was argued, and afterwards Chancellor Rutledge delivered the decre'e of the Court.
The scope of complainants bill is to search the conscience of the defendant and to discover from his answer whether the house and lot in bill mentioned were not purchased by him at the sheriff’s sale, in trust for, complainant’s wife and child, in consequence of an agreement made between complainants and defendant previous to the sale; and that he be compelled to hold the premises in trust for them pursuant to such agreement, subject to the debt due by complainant to defendant on bonds and mortgages. This is the principal ground of the bill. Another ground is that the equity of redemption in the premises was never regularly foreclosed; and therefore that the sale by the sheriff was irregular and illegal, the execution'under which it was pretended to be sold, having been previously settled; at least the sheriff had money enough in his hands for that purpose.
The defendant by his answer absolutely and positively denies that he ever gave any assurances to the complainants or either of them that he would purchase in *the premises, in behalf of complainant’s wife and child ; or that if he was the purchaser thereof, he would transfer the titles he should receive to any.uses or trusts whatsoever; and avers that the only conversation that passed between them on the subject, was after the sale, when complainant said he hoped defendant would allow him to purchase back the premises at the price he had given; to which the defendant replied, if he paid him his debt he did not kno# what he might be tempted to do.
To support complainants charge of a secret trust between him and defendant, and to contradict the answer, pa-rol evidence has been adduced, viz. Messrs. Winstanly and House. The substance of their testimony evidently amounts to no more than the information they received from complainant himself respecting the assurances of de *143 •fendant, that be would buy it in for complainants. There is no written evidence of such assurances. The evidence for defendant tended merely to criminate the conduct of complainants, and to shew various acts of fraud committed by him to cheat his creditors, but which however could not affect the defendant, he having a mortgage the premises prior to that period; nor can they have any influence in the decision of the present question.
This case lies in a small compass ; there is no intricacy in it. The principal ground of complainants bill charging the secret trust, has been completely denied by the answer ; and the only evidence opposed to the answer, is that of Winstanly and House, (derived from Zylstra himself) which cannot contradict it. It is the established rule of this court, that unless the answer is , contradicted by two positive witnesses, or one positive witness, and strong- corroborative circumstances, the answer must prevail. The answer is not at all contradicted, and it is only by circumstantial evidence, that it is in any manner impugned. Neither Winstanly or House prove the trust; all their information being from complainant and not a syllable from defendant, previous to the sale, and only one solitary circumstrnce after it, acknowledging that he had put complainant in possession and that he might have the house back again if he paid him his debt. On the first principal ground therefore the complainant has entirely failed, and he is not entitled to the relief prayed for.
On the second ground, respecting the sale by the sheriff being irregular and illegal, it appears plainly from the evidence, that goods belonging to complainant had been sold previous to the sheriff’s advertisement, which were adequate or nearly so, to pay the amount of the executions in his office against complainant; and that those mentioned in his advertisement were of the number that would be satisfied. On what pretence he could sell the property at all, or for cash, is inexplicable. It does not appear, however, that it was at the instance of defendant, because no part of his debt was then due ; and even in that case he could not *144 sell until he had sued, obtained a judgment and an order of the court for that purpose ; and even in that case, the Pr°Pe:rty cou^ not have been sold for cash. Independent of the terms which the law has imposed in cases of mortgages, of selling on a credit, the convention of the creditors (of whom the defendant was one) that the property should be sold on a credit of 60, 90, and 120 days, ought to have regulated the sheriff’s sale; and the discretion which the creditors afterwards gave to a committee, should not have altered the terms; nor does it appear to the court that they did. Upon the whole of this case, therefore, it is evident that the sale was illegal, because from the documents pro» duced, it appears that the sheriff had under his controul a sum of money sufficient or nearly so, to satisfy all the executions in his office, when the sale was advertised. It was irregular, being contrary to the convention of complainant and his creditors, of whom defendant was one ; and ought not therefore in any event to have been sold for cash. It has been suggested that defendant has entered satisfaction on his mortgage, and has thereby lost his lien or claim on the property. If the court interferes, it would take care to protect his rights, and set up the mortgage again, upon the ground of defendant’s having been under a mistake in what he did. It is therefore ordered and decreed, that the sale of the sheriff be set aside, and the title deeds to' defendant cancelled ; that it be referred to the master to ascertain what is due and owing by complainant on his bonds and mortgages to defendant for principal and interest ; and that he do within six months pay the amount thereof, together with the costs at law and in this court, to the defendant; or in default thereof, that the mortgage be foreclosed, and the house and lot of land be forthwith ad» vertised, and sold by the master for cash.
And that the injunction heretofore granted in this case* be made perpetual.